X FILED ____ LODGED
____ RECEIVED ____ COPY

MAR 02 1999

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

KLAUS LUECK, et al.,                )
                                    )
        Plaintiff,                  )       CIV 97-2223-PHX-RGS
                                    )
    vs.                             )           O R D E R
                                    )
SUNDSTRAND CORPORATION, et al.,)
                                    )
        Defendants.                 )
_____ )

This action arises out of the crash of a deHavilland DHC-8-100 ("Dash 8") aircraft in New Zealand. The aircraft was manufactured in Canada and was operated by a New Zealand commuter airline, Ansett New Zealand ("ANZ"), a nonparty to this action. The aircraft was carrying 18 passengers and a crew of three at the time of the accident. All of the passengers but one was from New Zealand. The lone American passenger is from Washington state. The sole Arizona connection to this case is that a component of a component - the radio altimeter that provides some inputs to the Ground Proximity Warning System ("GPWS") - was built in Arizona.

Defendant Sundstrand moves to dismiss this action for



insufficient process and abatement.   In response to Sundstrand's motion, plaintiff seeks to extend the time for service or to cure the defects in service.   Defendants Sundstrand, Honeywell and Bombardier, Inc. ("DeHavilland")[1] move to dismiss the case on a *forum non conveniens* ground.

DEFENDANTS' MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUND

Under the doctrine of *forum non conveniens*, the court may grant dismissal if  (1) an adequate alternative forum exists, and (2) the balance of relevant private and public interest factors favors dismissal.  Creative Tech. Ltd. v. Aztech System PTE, Ltd., 61 F.3d 696, 699 (9th Cir. 1995).  "At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum.  Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n. 22 (1981).  However, in rare circumstances, "where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." Id.

---

[1] Bombardier, Inc. is the successor by merger to defendant deHavilland, Inc.

1.       Alternative Forum

In this case defendants avow that they will submit to the jurisdiction of the New Zealand court and will provide full access to documents located in and witnesses from the United States. Given this uncontested fact, New Zealand could be considered an inadequate forum only if the remedy offered by New Zealand courts is so clearly unsatisfactory that it is no remedy at all. Piper Aircraft, 454 U.S. at 254 & n. 22; Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 768 (9th Cir. 1991). That different substantive law might be applied and that the resulting remedies might be different are ordinarily not given substantial weight in the inquiry. Piper Aircraft, 454 U.S. at 247; Lockman, 930 F.2d at 768. In Lockman, the court found that the lack of pretrial discovery and jury trials; differing appellate review; and differing substantive law which could result in less recovery did not justify refusing to dismiss on forum non conveniens ground. Lockman, 930 F.2d at 768-69.

Plaintiffs argue that because of the unique structure of New Zealand's legal system, they really have no adequate remedy in New Zealand. New Zealand has generally replaced common law actions for compensatory damages with an administrative "no fault" system. New Zealand's Accident Rehabilitation and Compensation Insurance Act

3

1992 permits a person who has been injured to seek compensation for medical bills and ongoing treatment for the injury suffered and for loss of earnings.    Plaintiffs originally filed an action in New Zealand for compensatory and exemplary damages against ANZ.    The compensatory damages claims were dismissed which has been affirmed in appellate proceedings.    The action for exemplary damages and mental distress is ongoing in New Zealand.    Thus, the Court finds that New Zealand, although not offering identical remedies to those found in Arizona, provides an adequate alternative forum.

    2.    Private Interests

    "Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial."  Lockman, 930 F.2d at 769 (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1451 (9th Cir. 1990) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

    In the present case, the private interest factors weigh in favor of having the case adjudicated in New Zealand.    All but one of the plaintiffs are residents of New Zealand. The majority of witnesses and documents relating to this case are in New Zealand and consequently, defendants will be assured of access to needed

4

documents and witnesses in New Zealand. Moreover, defendants avow that relevant witnesses and documents found in the United States will be made available in New Zealand. Thus, the relative ease of access to sources of proof is located in New Zealand. There is no compulsory process to obtain the attendance of the witnesses residing in New Zealand if trial were held in the United States. The costs of bringing witnesses and parties to Arizona for trial would be high.

3.    Public Interests

Public interest factors include:  local interest in resolving the controversy;  administrative difficulties for the local courts; and preference for having a forum apply law with which it is familiar. Gulf Oil, 330 U.S. at 508-09. In the present case, the public interest factors weigh in favor of adjudication of the case in New Zealand. Arizona lacks any real interest in resolving this dispute.  In contrast, the New Zealand court has a much greater interest in adjudicating the conflict because the  dispute concerns compensation to New Zealand citizens and the consequences will be felt almost entirely in New Zealand. Furthermore, as previously stated, a trial held in Arizona would be burdensome to most witnesses.  Finally, if trial were held in Arizona, an Arizona district court would likely be required to interpret and apply New

Zealand law, law with which it is unfamiliar. In contrast, if the case were adjudicated in New Zealand, the dispute would be resolved by a forum that is familiar with the governing law.

As discussed above, New Zealand offers an adequate, alternative forum in this case. Moreover, the public and private interests both favor New Zealand. Thus, it is appropriate to dismiss this action on the basis of *forum non conveniens*.

DEFENDANT SUNDSTRAND'S MOTION TO DISMISS and PLAINTIFFS' MOTION TO AMEND SUMMONS OR ALTERNATIVELY TO EXTEND TIME TO SERVE COMPLAINT

Defendant Sundstrand moves to dismiss the action because plaintiffs' action abated prior to service of the Complaint and even if the Court were to deem service timely after removal, service was not properly effectuated. Based on the Court's decision dismissing the Complaint on a *forum non conveniens* ground, the Court declines to consider defendant Sundstrand's motion to dismiss for improper service and plaintiffs' motion to amend summons.

Accordingly,

**IT IS ORDERED** granting defendants' motion to dismiss on *forum non conveniens* ground. [doc. #45].

**FURTHER ORDERED** mooting defendant Sundstrand's motion to dismiss [doc. #47].

6

**FURTHER ORDERED** mooting plaintiffs' motion to amend summons or alternatively to extend time to serve complaint [doc, #54-1, -2].

**DATED this 28th day of FEBRUARY, 1999.**

_____
HONORABLE ROGER G. STRAND
U.S. DISTRICT COURT JUDGE

7